IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES R. ATTAWAY, JULIE M. ATTAWAY, and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| STEVE CORSI, in his official capacity as Director of the Missouri Department of Social Services, | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, JAMES R. ATTAWAY, JULIE M. ATTAWAY, and SECOND AMENDMENT FOUNDATION, INC. ("SAF"), by and through undersigned counsel, as and for their Complaint against Defendant STEVE CORSI, in his official capacity as Director of the Missouri Department of Social Services (hereinafter "MDSS"), allege as follows:

## INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Missouri's prohibition on otherwise qualified Missouri residents who are or wish to be foster parents.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S.

570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. Further, Article I, Section 23 of the Missouri Constitution guarantees the inalienable and unquestionable right to keep and bear arms in defense of one's home, person, family and property.

4. However, the policy of the MDSS substantially prohibits foster parents, and those who would be foster parents, from the possession of firearms for the purpose of self-defense, which violates Plaintiffs' constitutional rights under the Second Amendment and the Missouri Constitution.

5. Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment *via* the Fourteenth Amendment's due process clause, renders the State's restrictions on the possession and carrying of firearms by foster parents, and would-be foster parents, unconstitutional. As the Plaintiffs only seek to be treated the same as other law-abiding Missouri residents, the Second Amendment renders a ban such as that challenged in this action, impermissible.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendant as he executes, administers and enforces the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Missouri and/or within the geographic confines of the State of Missouri.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District.

## PLAINTIFFS

9. Plaintiff James R. Attaway is 34 years old, and resides with his family in Kansas City, Missouri. He is married to co-Plaintiff Julie. James is a missionary for a prayer and worship ministry in Kansas City, Missouri, and has been for more than ten years. He also owns a business involving sound technology instruction to churches. James and his wife are licensed foster care providers in Missouri, and are currently foster parents to one child, providing a stable environment to children without one, and plan to continue to do so in the future. They also have two natural children in their home.

10. Plaintiff Julie M. Attaway resides with her family in Kansas City, Missouri. She is married to co-Plaintiff James. Julie and her husband are licensed foster care providers in Missouri, and are currently foster parents to one child, providing a stable environment to children without one, and plan to continue to do so in the future. They also have two natural children in their home.

11. The Attaways are allowed to possess firearms in Missouri generally, and James possesses a concealed carry permit as well, but are prohibited by the

MDSS policy complained-of herein from possessing loaded functional firearms in their homes so long as they currently are foster parents, or plan to be foster parents in the future.

12. The Attaways would possess loaded and functional firearms for self-defense and defense of family, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDSS policy complained-of herein.

13. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes foster parents residing in Missouri. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

14. Members of SAF who are foster parents in Missouri would possess and carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the MDSS policy complained-of herein.

15. James and Julie Attaway are members of SAF.

## **DEFENDANT**

16. Defendant Corsi is the Director of the Missouri Department of Social Services. In Corsi's official capacity, he is responsible for enforcing certain of Missouri's laws, customs, practices, and policies, specifically those challenged herein. In that capacity, Corsi is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, per RSMo 207.020 and 210.506, Corsi is the authority charged with processing and administering the foster parenting system in Missouri. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

17. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

18. The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 3026 (2010).

19. Article I, Section 23 of the Missouri Constitution provides, in relevant part:

> That the right of every citizen to keep and bear arms, ammunition, and accessories typical to the normal function of such arms, in defense of his home, person, family and property, or when lawfully summoned in aid of the civil power, shall not be questioned. The rights guaranteed by this section shall be unalienable. Any restriction on these rights shall be subject to strict scrutiny and the state of Missouri shall be obligated to uphold these rights and shall under no circumstances decline to protect against their infringement.

# STATE LAW

20. Since as early as January 30, 2007, as amended effective 2016, the MDSS has had in effect Code of State Regulations ("CSR") § 35-60.040, which states in relevant part:

> (4) Weapons Requirements.
>
> (A) Any and all firearms and ammunition shall be stored so as to be inaccessible to children. Foster parents shall store ammunition separately from any weapons. Firearms and ammunition shall be stored in locked areas or cabinets with keys secured so as to be inaccessible to children.
>
> (B) No firearms shall be kept in any vehicle transporting (unless weapons are inaccessible to the foster child—*i.e.*, in a locked glove box or other locked container or in the trunk of the vehicle) or on any person providing care or supervision to foster children. (An exception will be made for any person transporting a foster child who must carry a weapon as part of their job responsibilities *i.e.*, law enforcement officers.) No firearms possessed in violation of a state or federal law or a local government ordinance shall be present at any time in the home, on any household member, or in any vehicle in which the children are riding.
>
> (C) Weapons storage shall be made available for external viewing by Children's Division staff in order to assure weapons are inaccessible to children.

21. The Attaways were required to agree to abide by the restrictions of CSR § 35-60.040 to become, and continue as, a foster home.

22. The Attaways are fearful of losing their foster son if they complain or do not comply with the policies listed in the paragraphs above.

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. The MDSS regulations, and all other Missouri statutory language, which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family as secured by the Second Amendment to the United States Constitution.

## COUNT II – VIOLATION OF MISSOURI CONSTITUTION
## (ARTICLE I, § 23)

25. Plaintiffs reallege and incorporate Paragraphs 1 through 24, above, as if fully restated herein.

26. The MDSS regulations, and all other Missouri statutory language, which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family as secured under the Missouri Constitution.

## FOR ALL COUNTS

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. A controversy exists as to whether the MDSS regulations which restricts foster parents, and would-be foster parents, the rights and privileges of possessing firearms for self-defense and defense of family based solely on their status as foster parents, is unconstitutional.

29. A declaration from this Court would settle this issue.

30. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

31. The Plaintiffs seek a declaration that the MDSS regulations which restricts foster parents, and would-be foster parents, the rights and privileges of possessing firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, is unconstitutional.

32. In the absence of an injunction, the unlawful MDSS regulations complained-of herein would continue to be enforced and would prevent Attaway, and SAF's members who are foster parents, or would-be foster parents residing in Missouri, from owning or possessing a firearm that any otherwise-qualified Missouri residents may own and possess for defense of self or family.

33. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

34. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Attaway, and SAF's members who are foster parents, or would-be foster parents residing in Missouri, the opportunity to possess a firearm for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendant STEVE CORSI, as Director of the Missouri Department of Social Services, from continuing and enforcing the MDSS regulations of prohibiting firearms possession and carrying to foster parents, and those who would be foster parents in Missouri, including against the Plaintiffs and/or their members; and

2. Enter the following:

    (a) A declaratory judgment that the MDSS regulations of prohibiting firearms possession and carrying to foster parents, and those who would be foster parents in Missouri, and all other Missouri statutory language which restricts firearms rights and privileges based on status as a foster parent, are null and void because they (i) infringe on the right of the people to keep and bear arms in violation of the Second Amendment to the United States Constitution; (ii) infringe on the right of the people to keep and bear arms in violation of Article I, Section 23 of the Missouri Constitution.

    (b) Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of the MDSS regulations prohibiting firearms possession to foster parents, and those who would be foster parents in Missouri, and all other Missouri statutory

language which restricts firearms rights and privileges based on status as a foster parent.

3. Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated: January 15, 2019    Respectfully submitted,

By: /s/ Kevin L. Jamison
Attorney for Plaintiffs

| | |
|---|---|
| David G. Sigale (Atty. ID# 6238103 (IL)) | Kevin L. Jamison (MBE No. 31278) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Jamison Associates |
| 799 Roosevelt Road, Suite 207 | 2614 NE 56th Terrace |
| Glen Ellyn, IL 60137 | Gladstone, MO 64119 |
| Tel: 630.452.4547 | Phone: 816-455-2669 |
| Fax: 630.596.4445 | Fax: 816-413-0696 |
| dsigale@sigalelaw.com | kljamisonlaw@earthlink.net |
| *Pro Hac Vice* Application pending | |

*Attorneys for Plaintiffs*