IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES ATTAWAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 19-0032-CV-W-HFS |
| | ) |
| STEVE CORSI, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, Steve Corsi, by and through his attorneys, for his answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief states as follows:

Defendant Corsi denies each and every allegation in Plaintiffs' Complaint for Declaratory and Injunctive Relief, unless expressly admitted, and then only to the extent of the referenced response. Any factual averment admitted is limited to the fact itself and does not extend to any conclusions, characterizations, implications, or speculation contained therein or in Plaintiffs' Complaint for Declaratory and Injunctive Relief as a whole. Defendant Corsi also specifically denies any pseudo-allegations contained in headings, prayers for relief, or unnumbered paragraphs.

**"Introduction"**

1. Paragraph 1 of Plaintiffs' Complaint consists of Plaintiffs'

characterization of their Complaint, which requires no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Paragraph 2 of Plaintiffs' Complaint contains a citation error. The correct United States Reports cite for *McDonald v. City of Chicago* is 561 U.S. 742 (2010). With that correction, Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Paragraph 3 of Plaintiffs' Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Art. I, sec. 23 of the Missouri Constitution speaks for itself and Defendant denies all allegations not in conformance with art. I, sec. 23.

4. Paragraph 4 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Paragraph 5 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny, and Plaintiffs' description of the relief that they seek, which requires no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

## "Jurisdiction and Venue"

6. The allegations contained in Paragraph 6 of Plaintiffs' Complaint consist of legal conclusions requiring no response by Defendant.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint consist of legal conclusions requiring no response by Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. The allegations contained in Paragraph 8 of Plaintiffs' Complaint consist of legal conclusions and arguments requiring no response by Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

## "Plaintiffs"

9. Defendant admits that Plaintiffs Attaway have a foster home license in Missouri. Defendant denies the allegation that Plaintiffs Attaway have a current foster placement in their home. Further answering, Defendant affirmatively states that Plaintiffs Attaway did not have a foster child placed in their home on the date the Complaint was filed. Defendant admits that Plaintiffs Attaway have two biological children living in their home. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies the same.

10. Defendant admits that Plaintiffs Attaway have a foster home license in Missouri. Defendant denies the allegation that Plaintiffs Attaway have a current foster placement in their home. Further answering, Defendant affirmatively states that Plaintiffs Attaway did not have a foster child placed in their home on the date the Complaint was filed. Defendant admits that Plaintiffs Attaway have two biological children living in their home. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11. Paragraph 11 of Plaintiffs' Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff James Attaway possesses a concealed carry permit and therefore denies the same. To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13. The final sentence of Paragraph 13 of Plaintiffs' Complaint consists of Plaintiffs' characterization of the Complaint, which requires no

4

response from Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore denies the same.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16. Paragraph 16 of Plaintiffs' Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Sections 207.020 and 210.506 of the Missouri Revised Statutes speak for themselves, and Defendant denies all allegations not in conformance with the statutes. Defendant admits the allegations contained in the first sentence of Paragraph 16 of Plaintiffs' Complaint. To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint.

## "Constitutional Provisions"

17. Defendant admits that Paragraph 17 of Plaintiffs' Complaint correctly quotes the language of the Second Amendment to the United States

5

Constitution.

18. *McDonald v. City of Chicago*, 561 U.S. 742 (2010) speaks for itself.

19. Defendant admits that Paragraph 19 of Plaintiffs' Complaint contains an accurate quote from art. I, sec. 23 of the Missouri Constitution. The allegations of Paragraph 19 omit the final sentence of art. I, sec. 23 of the Missouri Constitution.

### "State Law"

20. Defendant admits that the effective date of the original rule that can be found at title 13 of the Missouri Code of Regulations, 35-60.040, was January 30, 2007. Defendant admits that Paragraph 20 of Plaintiffs' Complaint accurately quotes the language of 13 CSR 35-60.040(4).

21. Defendant admits that Plaintiffs Attaway were required to comply with 13 CSR 35-60.040 to continue to be licensed as foster parents for the state of Missouri.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

### "Count I- Violation of Right to Keep and Bear Firearms (U.S. Const. Amends. II and XIV; 42 U.S.C. §1983)"

23. As to Paragraph 23 of Plaintiffs' Complaint, Defendant admits

6

and denies Paragraphs 1 through 22 of Plaintiffs' Complaint in accordance with Defendant's answers as if set forth herein.

24. Paragraph 24 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

### "Count II- Violation of Missouri Constitution (Article I, §23)"

25. As to Paragraph 25 of Plaintiffs' Complaint, Defendant admits and denies Paragraphs 1 through 24 of Plaintiffs' Complaint in accordance with Defendant's answers as if set forth herein.

26. Paragraph 26 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

### "For all Counts"

27. As to Paragraph 27 of Plaintiffs' Complaint, Defendant admits and denies Paragraphs 1 through 26 of Plaintiffs' Complaint in accordance with Defendant's answers as if set forth herein.

28. Paragraph 28 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining

allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Paragraph 29 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Paragraph 30 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Paragraph 31 of Plaintiffs' Complaint consists of Plaintiffs' characterization of their Complaint, which requires no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Paragraph 32 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Paragraph 33 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Paragraph 34 of Plaintiffs' Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies each and every allegation of Plaintiffs' Complaint not herein admitted.

36. Defendant denies that Plaintiffs are entitled to any of the relief requested.

## Affirmative and Other Defenses

37. Plaintiffs have not established the existence of irreparable harm in the absence of injunctive relief.

38. Plaintiffs are not entitled to injunctive relief because Plaintiffs will be unable to prevail on the merits of their claims.

39. Defendant incorporates by reference any additional defenses that may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend this answer to include any such defenses, including any affirmative defenses.

## Prayer for Relief

40. For the reasons stated hereinabove, Defendant requests that the Court order judgment in his favor, award him his costs and expenses, and for such other and further relief as the Court deems just and proper in the

premises.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

/s/ *Emily A. Dodge*
EMILY A. DODGE
Mo. Bar #53914
Assistant Attorney General
P.O. Box 899
Jefferson City, Missouri 65102
(573) 751-9167 (phone)
(573) 751-9456 (facsimile)
emily.dodge@ago.mo.gov

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Kevin L. Jamison
2614 NE 6th Terrace
Gladstone, Missouri 64119

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137

*/s/Emily A. Dodge*
Assistant Attorney General
